*Patterson v. Labella*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

———————————————————————

STEPHEN PATTERSON,

> *Plaintiff-Appellant*,

v.

DANIEL LABELLA, individually and in his official capacity as Utica Police Chief, MARK WILLIAMS, individually and in his official capacity as Utica Police Chief, JOHN TOOMEY, individually and in his official capacity as Utica Police Captain, EDWARD NOONAN, individually and in his official capacity as Utica Police Officer, HOWARD BRODT, individually and in his official capacity as Utica Police Officer, OFFICER JOSHUA GRANDE, individually and in his official capacity as Utica Police Officer, JAMES HOLT, individually and in his official capacity as Utica Police Officer,

No. 14-4051

1

TODD DUVAL, individually and in his official capacity as Utica Police Officer, MICHAEL CURLEY, individually and in his official capacity as Utica Police Officer, SAMUEL GEDDES, individually and in his official capacity as Utica Police Officer, STEVEN HAUCK, individually and in his official capacity as Utica Police Officer, BRIAN BANSNER, individually and in his official capacity as Utica Police Officer, LINDA FATATA, individually and in her official capacity as Utica Corporation Counsel, CITY OF UTICA, DANIEL COZZA, individually and in his official capacity as Codes Officer, GERALD FOSTER, individually and in his official capacity as Fire Fighter, JOHN DOE, unknown individually and in his official capacity as Utica city employee,

*Defendants-Appellees.*[*]

_____

For Plaintiff-Appellant:               Stephen Patterson, pro se, Utica, New York.

For Defendants-Appellees:          John Paul Orilio, Zachary Christopher Oren, Assistant Corporation Counsel, City of Utica Law Department, Utica, New York.


Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Stephen Patterson, proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 claims that the defendants violated his civil rights by, *inter alia*, subjecting him to false arrest, malicious prosecution, and unlawful entry based on incidents that took place on October 10, 2009, October 24, 2009, and January 1, 2010. We assume the parties'

---

[*] The clerk of the court is directed to amend the caption to conform to the above.

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).

On appeal, Patterson challenges only the dismissal of his false arrest, malicious prosecution, and unlawful entry claims relating to the October 10, 2009, October 24, 2009, and January 1, 2010 incidents. Accordingly, he has abandoned his other claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Upon independent review, we conclude that the district court correctly dismissed Patterson's false arrest and malicious prosecution claims relating to all three incidents and his unlawful entry claim related to the January 1, 2010 incident, for essentially the reasons stated in the district court's memorandum decision and order.

We also conclude that the district court correctly dismissed Patterson's illegal search claim as to the October 24, 2009 incident on the ground that Patterson had no reasonable expectation of privacy in a commercial establishment that he opened to the public. *See Wash. Square Post No. 1212 Am. Legion v. Maduro*, 907 F.2d 1288, 1291 (2d Cir. 1990). In addition, the district court correctly concluded that the defendant police officers were entitled to qualified immunity. It was objectively reasonable for them to believe that their conduct was lawful in light of their knowledge of past incidents at Patterson's premises, their observations of numerous minors entering and exiting the building, and their interviews with several of the minors who were loitering outside. *See Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996) (holding that a "qualified immunity defense is

3

established if … it was objectively reasonable for the defendant to believe that his action did not violate [clearly established] law"); *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (same).

We have considered all of Patterson's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4